UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KRYSTAL LYNN NORTHROP,**

      **Plaintiff,**

    v.

**MUSKINGUM COUNTY JUVENILE COURT, ET AL.,**

      **Defendants.**

Case No. 2:19-cv-558
Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff, Krystal Lynn Northrop, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Muskingum County Juvenile Court, the Muskingum County Sheriff Department, and Muskingum County Children Services. This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

**I.     LEGAL STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing the Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.  BACKGROUND

Although not entirely clear, Plaintiff seems to have filed the instant case to vindicate her rights under the Fourth and Fourteenth Amendments of the United States Constitution. (*See, e.g.*, Doc. 1-1 at 1). She alleges that, on June 20, 2018, Muskingum County Children Services "knocked on [her] door and basically demand[ed] her to open" it because she had filed a complaint with the agency. (Doc. 1-2 at 5). Plaintiff admits that she allowed entry, but claims that it was because she "did not know[] [her] rights at [that] time." (*Id.*)

According to Plaintiff's Complaint, the Children's Services worker then checked the conditions in the home, including whether the home had running water and food and whether the child had clothes and a bed. (*Id.*). Next, Plaintiff claims, the Children's Services worker administered a drug test to Plaintiff and to Plaintiff's adult daughter. Plaintiff alleges that the

worker instructed that Children's Services would take the minor child out of the house "unless [we] listened to her orders." (*Id.*).

Plaintiff alleges that, roughly a week later, the Muskingum County Sheriff department called her and told her to return home in the next twenty minutes or "they would get [her] for kidnapping charges." (*Id.*). When Plaintiff arrived home, two sheriff deputies were present. (*Id.*). "A paper from the judge was handed to me and a foster mom was outside on standby." (*Id.*). Plaintiff seeks the following relief: "Civil matter help me out with the wrong doings of our County. And I want [illegible] for immunity and those depriving myself of my rights." (*Id.* at 8).

### III.  DISCUSSION

Even giving Plaintiff every benefit of the doubt, her Complaint has several fatal flaws. The Undersigned explains several below.

#### A. The *Rooker-Feldman* Doctrine

Although the Court is doing a bit of guesswork, it appears to the Undersigned that Plaintiff is attacking a state-court judgment because she states that she received "a paper from the judge" and she has sued the Muskingum County Juvenile Court. (*See generally* Doc. 1-2). The United States District Court does not have jurisdiction to review state-court judgments. Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court. *See Gottfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, a litigant cannot collaterally attack a state court judgment by filing a civil rights complaint. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Ritter v. Ross*, 992 F.2d 750, 754

(7th Cir. 1993). Accordingly, to the extent that Plaintiff seeks relief from a state-court judgment, her claims cannot proceed in this Court.

### B. Immunity

In addition, Plaintiff's claim against the Muskingum County Juvenile Court cannot proceed because it is an arm of the State and thus immune from suit. *See Burress v. Hamilton Cty. Office of Child Support & Enf't*, No. 1:14-cv-391, 2014 U.S. Dist. LEXIS 76089, at *1 (S.D. Ohio June 4, 2014) (finding Hamilton County Juvenile Court immune from suit because it is an arm of the State). The Eleventh Amendment prohibits a citizen of a state from suing that state or one of its agencies in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts, *see Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982); *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Further, to the extent Plaintiff seeks to sue judicial officers or other court officers, they, too, are immune. "Judges are immune from liability for damages for acts committed within their judicial discretion." *Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967). Similarly, court officers such as clerks of court are entitled to absolute immunity. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) ("It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions."); *Hargis v. Jones*, 986 F.2d 1421, at *1, [published in full-text format at 1993 U.S. App. LEXIS 2110] (6th Cir. 1993) (concluding that a county clerk was "entitled to a grant of absolute immunity from a suit for monetary damages."). Although two

exceptions to the doctrine of judicial immunity exist, Plaintiff does not indicate in her Complaint that either of those two circumstances is present here. *See Stump v. Sparkman*, 435 U.S. 349, 357, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (recognizing exceptions to judicial immunity where a judge acts in the "clear absence of all jurisdiction," or when the judge performs "non judicial acts."). Accordingly, any suit against the Muskingum County Juvenile Court should be dismissed.

### C. Muskingum County Sheriff's Department

To state a claim against the Muskingum County Sheriff's Department ("the Department"), Plaintiff must demonstrate that it had a policy or custom which caused Plaintiff to suffer the alleged constitutional deprivation. *Hurst v. Fentress Cty. Tenn.*, No. 99-5718, 2000 WL 1206520, at *2 (6th Cir. Aug. 18, 2000) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993)). "A 'policy' is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Shorts v. Bartholomew*, 255 F. App'x 46, 57 (6th Cir. 2007). Alternatively, a "custom" "must 'be so permanent and well settled'" that it has the "force of law" and needs no formal approval. *Doe v. Claiborne Cty.*, 103 F.3d 495, 507–08 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691). Thus, the Muskingum County Sheriff's Office may be liable only if there is "a direct causal link" between the policy or custom and the alleged constitutional deprivation. *Hurst*, 2000 WL 1206520, at *2. It may not be held liable based on *respondeat superior*. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Here, Plaintiff's allegations against the Muskingum County Sheriff's Department are very light and in no way allege that the Department had a policy or custom that harmed her. Thus, dismissal of the claim against the Department is appropriate.

### D. Domestic-Relations Jurisdiction

Finally, the Undersigned reads Plaintiff's complaint as pertaining primarily to domestic relations issues. Generally speaking, Ohio juvenile courts retain exclusive jurisdiction over matters involving child custody and support. Accordingly, such disputes are within the exclusive jurisdiction of the State and fall outside the scope of federal jurisdiction. Long ago, the United States Supreme Court proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 136 U.S. 586 (1890). Thus, under the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of the State's constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *See, e.g.*, *Danforth v. Celebrezze*, 76 Fed. App'x 615, 616 (6th Cir. 2002); *see also Chandler v. Michigan*, No. 1:18-cv-1289, 2019 U.S. Dist. LEXIS 19293, at *2 (W.D. Mich. Jan. 8, 2019) (screening and dismissing complaint under 28 U.S.C. § 1915(e)(2) where plaintiff sought relief related to custody determination). And, for this additional reason, dismissal is appropriate.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint. The Court further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendation would not be

taken in good faith and, consequently, leave for Plaintiff to appeal in forma pauperis is **DENIED**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: March 1, 2019         /s/ Kimberly A. Jolson
                            KIMBERLY A. JOLSON
                            UNITED STATES MAGISTRATE JUDGE